##### IN THE

# SUPREME COURT OF LOUISIANA,

##### IN THE

## EASTERN DISTRICT, AT NEW ORLEANS,
## COMMENCING, NOVEMBER, 1842.

~~~~~~~~~~~~~~~~~~~~~~~~

##### PRESENT :
Hon. FRANÇOIS XAVIER MARTIN.
Hon. HENRY A. BULLARD.
Hon. ALONZO MORPHY.
Hon. EDWARD SIMON.
Hon. RICE GARLAND.

~~~~~~~~~~~~~~~~~~~~~~~

### John Kellar v. Thomas Williams.

On a rule against one who had been appointed, by consent of parties, to receive and sue for all debts due to the partnership of which plaintiff and defendant were members, to show cause why he should not pay the amount so received by him into court, he may introduce evidence to show that he had paid debts due by the partnership, without first showing any authority to do so from the parties, or from either of them. A party cannot be controlled as to the order of introducing the testimony in support of his case. The authority to pay might be afterwards proved.

Though a receiver, appointed to collect money due to the parties to a suit, have no authority to pay debts due by them, yet if they know that he is doing so, and do not object at the time, they cannot do so afterwards.

Where, on the motion of one of the parties to a suit, with the consent of the other, a third person is appointed by the court to receive and sue for all amounts due to the litigants, on giving bond, with security, to hold the amounts so received subject to the order of the court, he will not be considered an officer of the court, but the agent of the parties, and only responsible as such. The appointment is the act of the parties.

APPEAL from the District Court of the First District, *Bucha-nan*, J.

GARLAND, J.  On the 6th of July, 1836, Kellar commenced a suit against Williams, alleging that they were partners in business, and that by the bad management and misconduct of the latter, the partnership affairs were in great confusion, his interests sacrificed, and the firm rendered insolvent.  He prayed for the dissolution of the partnership, to which, he alleges, Williams is largely indebted, for a settlement of the accounts, and for a judgment for $5000 damages.  The next day Williams commenced a suit against Kellar, making various allegations against him, also praying for a settlement of their accounts, for a dissolution of their partnership, and for a judgment for a balance due.  Kellar, in his petition, prayed that Williams might be held to bail for his appearance, and the latter, in return, prayed in his petition, that all the property might be sequestrated, with both of which requests the judge below complied.  Having thus got all their property and accounts into a situation in which neither could do any thing with them, and having the prospect of a litigated and protracted suit before them, on the 30th of July, 1836, the counsel of Kellar, in the presence of and without objection from the counsel of Williams, moved the court, that " Thomas Powell be appointed receiver of the moneys and debts due to the firm of Williams and Kellar, with power to sue for and recover the same," on his giving bond and security in a sum fixed, with condition that he should " have the moneys received by him, forthcoming, and subject to the further order of the court."  The books and papers were ordered to be delivered to this receiver.

It appears from the record, that, on the 14th March, 1837, the case of *Williams* v. *Kellar* was called for trial, and a judgment of nonsuit entered ; yet it is now argued as if that case were pending, although no appeal was taken from the judgment.  Some short time afterwards, auditors were appointed to adjust the accounts in the case of *Kellar* v. *Williams*, but not having acted, after a lapse of nearly two years, others were appointed, who in March, 1839, made a report, which in March, 1840, was homologated, but shortly afterwards set aside, and again referred to the same auditors, who, in June of the same year, presented another

report, by which it appeared that Kellar was a creditor of the firm, and Williams considerably indebted to it..

To this report, Williams made opposition on various grounds, which are yet undecided ; but in no part is it specially alleged, that he is not a debtor. Kellar, who is a creditor of the firm, prays that the report may be homologated, but no trial has yet taken place on that question. Some months afterwards, the counsel of Williams, although, as appears by the report of the auditors, his client was largely indebted to the firm, took a rule on Powell, who had been appointed receiver for the firm of Kellar and Williams, to show cause why he should not pay into court the sum of $12,101 47, money collected by him for the firm, and render an account of the moneys received by him as receiver. To this rule Powell answered, that he had collected about the sum mentioned, but that at the request of both Williams and Kellar, he had paid various debts of the firm, which had exhausted all the funds in his hands, and left a large balance in his favor. With this answer, an account in detail of the payments made was presented, to which both Kellar and Williams made opposition, on the grounds, that the payments were improperly made, as Powell had no right to make them ; that the debts he pretended to have paid, were not those of the firm ; and, lastly, that no payments were ever made at all. With this account, a great number of vouchers were filed, to prove debts and payments. The judge below rejected them all, and directed Powell to pay into court the sum of $12,101 47, stating that the proof of the payment of debts was inadmissible, unless the consent of both or one of the parties was shown. That such payments might give Powell the rights of a creditor by subrogation, but could not be urged as an answer to the rule, which alone concerns the accountability of an officer of the court. From this judgment Powell has appealed.

Our attention is first directed to various bills of exception, taken by the counsel of Powell, on the trial. The first states that Powell offered to prove that he had paid the debts of Kellar and Williams, and that the debts were justly due as set forth in the account filed, which evidence the court rejected, unless Powell should first show that Kellar and Williams, or one of them, had agreed to the payment of each note and account so paid.

It has been often held by this court, that parties ought not to be controlled as to the order in which they may choose to introduce their testimony; therefore, the court below ought not to have rejected evidence of the reality and validity of debts owing by Kellar and Williams, and paid by Powell, because it was not first proved that such payments were made by the consent of one or both of the parties. This might have been shown afterwards. It is very certain that, under the appointment of Powell, as first made, he had no right to act as a liquidator of the firm, and pay such debts as he thought proper to admit, as due by it; but if he were afterwards authorized to do so by the parties, or if they knew that he was doing so and did not object to it at the time, they cannot now object, and say that he is not entitled to a credit for the payments made for their benefit. They must not enrich themselves at his expense; nor have they a right to compel him to pay money into court, and let it remain there until he shows that he has a right to take it out again. In the rule taken on the appellant, it is not alleged or pretended that the money is in unsafe hands, nor that the bond and security given are insufficient, nor that there is any danger of the amount being lost. The party is simply called upon to show cause why he should not pay it into court; and we think it a very good answer, that he has applied the amount to the benefit of the firm whose agent he is. We will not say, at this time, what effect the evidence given, as to the assent of Kellar and Williams to the payment of the debts, ought to have; but we are of opinion that the District Judge mistook the capacity in which Powell acted. We do not regard him as an officer of the court, but simply as the agent of the parties, and entitled to show that he has faithfully acted as such. If his powers have been exceeded, he must be responsible; but until that is shown, it is not proper to force him to pay first, and try his case afterwards. We think the judge erred in rejecting the testimony.

The second bill of exceptions is, in principle, the same with the first. It is taken to the refusal of the judge to permit certain judgments against Kellar and Williams, paid by Powell, to be given in evidence, unless it were first shown that the partners, or one of them, had authorized their payment. We think the judge erred, in rejecting the evidence. The third bill of exceptions, is

to the refusal of the judge to permit the books of the firm to be given in evidence, to prove its insolvency, and the justice of the debts paid. We think the judge again erred. One of the allegations in Kellar's petition, is, that the firm is insolvent, and we can see no possible objection to giving the books in evidence to to prove it, and the justice of the debts paid for the firm.

As to the authorities urged upon us, as to the powers and duties of receivers in courts of chancery, we think, if entitled to any weight, that they are not applicable to the present case. A reference to the appointment of Powell as receiver, will show that it was the act of the parties themselves; and the minute or record book was used, to record the authority conferred. The want of confidence between the parties made it necessary to appoint an agent to settle their affairs, and he is only accountable as other mandataries.

As to the argument, that the issues in this case have been changed, or a new direction given to them, we can only say, it is the act of the parties themselves. They have provoked this controversy with Powell, which does not in any manner arrest the decision of the case between themselves, if they choose to go on with it. Nor does the complaint of the injury that creditors might sustain, by sanctioning Powell's course, seem to us entitled to consideration, as no such persons present themselves to claim our protection. When they do so, it will be time enough to take care of their interests.

If it be true, as suggested by the judge, that Powell has been subrogated to the rights of the creditors he has paid, this case is similar in principle to that of *Rodriguez* v. *Dubertrand*, 1 Robinson, 535.

The judgment of the District Court is, therefore, reversed; and the cause remanded for a new trial, with directions to the judge to admit the evidence stated to have been rejected in the three bills of exception, and otherwise to proceed according to law; the appellees paying the costs of this appeal.

*C. M. Jones*, and *L. Peirce*, for the appellant.

*Hoffman*, contra.